## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Delaneo-Nathaniel Tillman: El,

        Plaintiff,

v.

U.S. Bank National Association; Kayak
Properties, Inc.; and John Does 1–5,

        Defendants.

Case No. 25-cv-02811 (JMB/ECW)


**REPORT AND RECOMMENDATION**

Plaintiff Delaneo-Nathaniel Tillman: El ("Plaintiff") filed a Complaint against Defendants on July 9, 2025 asserting claims to redress what he claims was an unlawful deprivation of property rights related to a disputed foreclosure of real-estate and subsequent eviction proceedings. (*See* Dkt. 1.) An Amended Complaint was filed by Plaintiff on July 11, 2025. (Dkt. 8.) On January 5, 2026, the Court issued an Order noting that more than 90 days had passed since Plaintiff filed his Complaint, and no appearance had been entered by Defendants. (Dkt. 22.) Plaintiff had not filed proof of service showing that he had fully complied with the requirements of Rule 4(c) of the Federal Rules of Civil Procedure, or that any Defendant had returned a waiver of service under Rule 4(d). (*Id.* at 1.) The Court noted that "Plaintiff did attempt service by sending the Summons and Amended Complaint via certified mail to Defendants U.S. Bank National Association and Kayak Properties, Inc. . . . , but that attempt did not constitute effective service because certified mail is not a permissible manner of service

on a corporation, partnership, or association under Rule 4(h) and because Rule 4(c)(2)

prohibits Plaintiff, as a party, from effectuating service." (*Id.* at 1-2.)

The January 5, 2026 Order directed Plaintiff to:

1. Effectuate service of the Summons and Amended Complaint on Defendants in a manner that complies with Federal Rule of Civil Procedure 4 and then file proof of service of the Summons and Amended Complaint or a waiver of service on CM/ECF; or

2. Advise the Court in writing of any good cause to the contrary.

(*Id.* at 2.)  The Court also stated that it would recommend dismissal for failure to

prosecute if Plaintiff failed to comply with those directions within 20 days of the date of

the January 5, 2026  Order.  (*Id.*)

To date, Plaintiff has not complied with the Court's Order by filing proof of

service or taken any other action to prosecute this case.  The Order was returned as

undeliverable to the address provided by him to the Court.  Plaintiff has not updated his

address as of the date of this Report and Recommendation.

Federal Rule of Civil Procedure 41(b) states as follows:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A federal court need not wait for a motion to dismiss by a defendant; a court has

the inherent power to dismiss a case sua sponte for failure to prosecute.  *See Chambers v.*

*Nasco, Inc.*, 501 U.S. 32, 49 (1991); *see also Sterling v. United States*, 985 F.2d 411, 412

2

(8th Cir. 1993) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion."). Further, "[i]t is Plaintiff's responsibility to keep this Court properly apprised of his current address so that he may receive correspondence from this Court." *Heiderscheid v. Dakota Cnty. Sheriff Off.*, No. 18-CV-1180 (JNE/LIB), 2020 WL 5128147, at *16 n.13 (D. Minn. July 22, 2020) (collecting cases), *R. & R. adopted sub nom.* 2020 WL 5106816 (D. Minn. Aug. 31, 2020), *aff'd*, 848 F. App'x 678 (8th Cir. 2021). "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Grant v. Astrue*, No. 9-CV-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) (quoting *Fate v. Doe*, No. 7 Civ. 9256, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008) (collecting cases). Given Plaintiff's failure to properly serve Defendants in the time allotted, his failure to follow this Court's January 5, 2026 Order regarding the same, and his failure to keep his address updated, this Court recommends that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS**

**RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under

Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: February 3, 2026

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## <u>NOTICE</u>

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).